# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **Monica Hartman,** *individually and on behalf of similarly situated classes*, | § § § § | |
| *Plaintiff*, | § § § | Civil Action: 4:24-cv-657 |
| v. | § § § | |
| **Lennar Corporation,** | § § § | |
| *Defendant*. | § § | |

**COMPLAINT - CLASS ACTION**

## 1. Introduction

1.1. As the Supreme Court explains, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. . . . As relevant here, the Telephone Consumer Protection Act of 1991 generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1.2. This action arises out of Defendant, Lennar Corporation's ("Defendant"), practice of making prerecorded telemarketing solicitation calls to individuals without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business & Commerce Code.

1.3. Plaintiff has not provided Defendant prior express written consent to call her cellular telephone with prerecorded messages.

1.4. Accordingly, Plaintiff brings this TCPA action on behalf of herself and three classes of similarly situated individuals.

## 2. Jurisdiction and Venue

2.1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

2.2. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

2.3. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

2.4. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## 3. Parties

3.1. Monica Hartman ("Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Haslett, Texas.

3.2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.3. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.4. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

3.5. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus.

& Com. Code § 1.201(b)(27).

3.6. Defendant is a Delaware corporation with an address of 5505 Waterford District Drive, Miami, Florida 33126.

3.7. Defendant is a home builder, seller and financier.

## 4. The Law Regarding Robocalls

4.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

4.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

4.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a nuisance and invasion of privacy and such calls can be costly and inconvenient.

4.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

5. **The National Do Not Call Registry**

    5.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

    5.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

6. **Texas' Robo-Calling Statutes**

    6.1. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the

Class Action Complaint - P a g e | **4**

communication for an injunction, damages or both.

7. **General Factual Allegations**

   7.1. Defendant is a nation-wide home builder and seller.

   7.2. Defendant also finances the new homes that it sells.

   7.3. Defendant makes prerecorded telemarketing calls marketing its new homes and related financing services.

   7.4. These calls were made with an artificial or prerecorded voice and violate the TCPA.

   7.5. Defendant also makes solicitation calls to individuals on the national Do Not Call Registry.

   7.6. These calls also violate the TCPA.

8. **Plaintiff Monica Hartman's Factual Allegations**

   8.1. Plaintiff is the owner and user of a cellular telephone number 817-XXX-1923.[1]

   8.2. Plaintiff's cellular telephone number 817-XXX-1923 is used for residential purposes. Plaintiff does not own a "landline." She uses her cellular telephone number to contact friends and family, to text and utilize the internet and to respond to personal email.

   8.3. Plaintiff's cellular telephone number 817-XXX-1923 is a telephone number assigned to a cellular telephone service.

   8.4. Plaintiff's cellular telephone number 817-XXX-1923 was placed, by her, on the national Do Not Call Registry on November 9, 2004, and has remained on the Registry since that time.

   8.5. Plaintiff placed her cellular telephone number 817-XXX-1923 on the national Do Not

---

[1] Plaintiff's telephone number has been partial redacted for privacy purposes but will be provided to Defendant upon request.

Class Action Complaint - P a g e | 5

Call Registry at least 31 days prior to receiving the calls at issue in this case.

8.6. Plaintiff received Defendant's prerecorded telephone calls on her cellular residential number 817-XXX-1923 as described herein.

    8.6.1.    January 26, 2024, at approximately 3:59 PM, from number 214-894-8434.

    8.6.2.    On February 10, 2024, at approximately 10:38 AM, from number 214-894-8434.

    8.6.3.    March 2, 2024, at approximately 11:41 AM CST from number 214-894-8434.

8.7. On each of the calls, a voicemail message was left in Plaintiff's mailbox.

8.8. Plaintiff listened to the messages.

8.9. The voicemails were prerecorded voice messages from Defendant soliciting Plaintiff to purchase a home from Defendant and to finance that home through Defendant. The messages stated:

    8.9.1.    "Hi there this is Alex from Lennar. I hope this message finds you well. We're excited to announce our national sales event where for a limited time you can take advantage of our exclusive fixed low rate as low as 4.25% with Lennar Mortgage. As part of the national sales event you may also qualify for a substantial price reduction of up to $30,000 off the price of a home. We're also including a brand-new refrigerator with your home purchase. Give us a call at 214-894-8434 to speak with one of our Internet sales consultants. Take the first step toward your new home today.  Please understand this offer is subject to change at any time so don't miss out, call us today."

    8.9.2.    "Hi. This is Alex from Lennar. We wanted to make sure you knew about our Rancho Canyon grand opening event today in Fort Worth from 12:00 to 3:00 PM. There will be a taco truck with free tacos, new home tours and more. It will be located at 14905 Tejano Street in Fort Worth. We can't wait to see you there. If you have any questions give us a call at 866-314-4477. Thank you. Bye.

    8.9.3.    "Hi. This is Alex from Lennar. We wanted to make sure you knew about our Rancho Canyon grand opening event today in Fort Worth from 12:00 to 3:00 PM. There will be a taco truck with free tacos, new home tours and more. It will be

      located at 14905 Tejano Street in Fort Worth. We can't wait to see you there. If you have any questions give us a call at 866-314-4477. Thank you. Bye.

8.10. Plaintiff knew these messages to be prerecorded messages because they were not personalized, they included pauses at the start of the message before it played, and the second and third messages Plaintiff received were identical.

8.11. Plaintiff did not provide prior express written consent (or any consent) to Defendant for these or any telephone calls.

9. **Defendant's Liability**

    9.1. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

    9.2. "Prior express written consent" is specifically defined by statute as:

        9.2.1. [A]n agreement, in writing, bearing the signature of the person called **that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice**, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. §64.1200(f)(8)

    9.3. Plaintiff never provided Defendant with any consent, written or otherwise, to place any calls to her cellular telephone number.

    9.4. Accordingly, each of Defendant's telemarketing calls to Plaintiff using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

    9.5. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

    9.6. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

    9.7. The TCPA prohibits making "any telephone solicitation" to a telephone number on the

National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(e).

9.8. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

9.9. A listing on the National Do Not Call Registry "must be honored indefinitely . . . ." *Id.*

9.10. Plaintiff's number was on the National Do-Not-Call Registry for more than 31 days prior to the calls.

9.11. Plaintiff received more than one such telemarketing call in a 12-month period, as required by 47 C.F.R. § 64.1200(c) for violations of 47 U.S.C. § 227(c).

9.12. In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

9.13. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

9.14. Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

9.15. Plaintiff is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

**10. Article III Standing**

10.1. Plaintiff has Article III standing for her claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Cranor v. 5 Star Nutrition, L.L.C.,* 998 F.3d 686, 690 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

10.2. Plaintiff was harmed by Defendant's actions of calling her residential phone while the telephone number was on the Do Not Call Registry, without consent and with a pre-recorded voice in the following manners:

10.2.1. Plaintiff's privacy was invaded by Defendant;

10.2.2. Defendant's calls were a nuisance to Plaintiff;

10.2.3. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

10.2.4. Defendant illegally seized Plaintiff's telephone line while it made illegal the illegal calls to Plaintiff's cellular telephone;

10.2.5. Plaintiff's telephone line was occupied by the unauthorized calls from Defendant;

10.2.6. Defendant's seizure of Plaintiff's telephone line was intrusive; and

10.2.7. Plaintiff was inconvenienced by Defendant's calls, by among other things, having to listen to the prerecorded messages.

10.3. These forms of actual injury are sufficient for Article III standing purposes.

**11. Class Action Allegations**

11.1. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three proposed "Classes," the "TCPA 227(b) Class", the "TCPA 227(c) Class, and the "Texas § 305.053 Class". Pending discovery, the classes are defined as follows:

11.1.1. "TCPA 227(b) Class"

11.1.1.1. Since July 15, 2020, through the date of certification, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed a prerecorded or artificial voice telemarketing call.

11.1.2. "TCPA 227(c) Class"

11.1.2.1. Since July 15, 2020, through the date of certification, all persons within the United States to whose telephone number Defendant placed two or more telemarketing solicitation calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

11.1.3. Texas § 305.053 Class"

11.1.3.1. Since July 15, 2020, through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

11.2. The "TCPA 227(b) Class", the "TCPA 227(c) Class, and the "Texas § 305.053 Class" are collectively referred to herein as the "Classes."

11.3. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their respective staffs and immediate families.

11.4. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

11.5. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

11.5.1. The time period(s) during which Defendant placed its calls;

    11.5.2. The telephone numbers to which Defendant placed its calls;

    11.5.3. The telephone numbers for which Defendant had prior express written consent;

    11.5.4. The purposes of such calls; and

    11.5.5. The names and addresses of Class members.

11.6. The Classes are comprised of hundreds, if not thousands, of individuals.

11.7. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    11.7.1. Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

    11.7.2. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    11.7.3. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    11.7.4. Whether Defendant should be enjoined from engaging in such conduct in the future.

11.8. Plaintiff is a member of the Classes in that Defendant placed one or more calls using an artificial or prerecorded voice to Plaintiff's cell phone.

11.9. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

11.10. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time

tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

11.11. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

11.12. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

11.13. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

11.14. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

11.15. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

11.16. Common questions will predominate, and there will be no unusual manageability issues.

## 12. FIRST CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiff and the TCPA 227(b) Class)

12.1. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

12.2. Defendant placed prerecorded telemarketing solicitation telephone calls to Plaintiff's and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

12.3. Defendant has therefore violated 47 U.S.C. § 227(b).

12.4.   As a result of Defendant's unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

12.5.   Plaintiff and the TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## 13. SECOND CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(c) (On Behalf of Plaintiff and the TCPA 227(c) Class)

13.1.   Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

13.2.   Defendant placed telemarketing solicitation telephone calls to Plaintiff's and TCPA 227(c) Class Members' residential telephone numbers.

13.3.   Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry for at least 30 days at the time of calls.

13.4.   Plaintiff and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

13.5.   Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

13.6.   Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## 14. THIRD CAUSE OF ACTION – Violations of Texas § 305.053 Class (On Behalf of Plaintiffs and the Texas § 305.053 Class)

14.1. Plaintiff and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

14.2. Defendant placed at least one prerecorded telemarketing telephone call to Plaintiff's and Texas § 305.053 Class Members' cellular telephone numbers.

14.3. Each of these calls violated 47 U.S.C. § 227(b).

14.4. Defendant also violated the TCPA by making solicitation calls to individuals on the national Do Not Call Registry.

14.5. Plaintiff and the Texas § 305.053 Class Members are entitled to:

14.5.1. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

14.5.2. the greater of $500 for each violation or Plaintiff's and the Texas § 305.053 Class Members' actual damages (*see* Tex. Bus. & Com. Code §304.053(b);

14.5.3. the greater of $1,500 for each violation or Plaintiff's and the Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

## 15. Prayer for Relief

15.1. **WHEREFORE**, Plaintiff, individually and on behalf of the Classes, pray for the following relief:

15.1.1. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

15.1.2. An order declaring that Defendant's actions, as set out above, violate the TCPA;

15.1.3. An award of injunctive and other equitable relief as necessary to protect

the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

15.1.4. An award of statutory damages;

15.1.5. An award of treble damages;

15.1.6. An award of reasonable attorneys' fees and costs; and

15.1.7. Such other and further relief that the Court deems reasonable and just.

## 16. Jury Demand

16.1. Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: ___*/s/ Chris R. Miltenberger*___
    Chris R. Miltenberger
    Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esq.
(PA Bar Number: 316096)
**The Weitz Firm, LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
267-587-6240 (office)
215-689-0875 (fax)
max.morgan@theweitzfirm.com

*Attorneys for Plaintiff*